...


# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD GITTER,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) CIVIL ACTION NUMBER: |
| **CARDIAC & THORACIC SURGICAL** | ) 2:07-cv-01029-VEH |
| **ASSOCIATES, LTD.** and | ) |
| **ROCKINGHAM MEMORIAL** | ) |
| **HOSPITAL,** | ) |
| | ) |
| DEFENDANTS. | ) |

## SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a) and this Court's July 5, 2007 *Order Granting Motion for Leave to Amend*, Plaintiff Richard Gitter files this Second Amended Complaint, stating as follows[1]:

## PARTIES

1. Plaintiff Richard Gitter is an adult resident of Jefferson County, Alabama.

---

[1] As requested by the Court in its *Order*, Plaintiff's *Second Amended Complaint* incorporates all allegations and claims made in the previous complaints. Furthermore, Plaintiff has incorporated Count Five from his proposed *Second Amended Complaint* (additional claim for fraud) into Count Two (original fraud claim) and has incoporated Count Six from his proposed *Second Amended Complaint* (additional suppression claim) into Count Three (original suppression claim).

2. Defendant Cardiac & Thoracic Surgical Associates, Ltd. ("CTSA") is a Virginia professional corporation.

3. Defendant Rockingham Memorial Hospital ("RMH") is a Virginia not-for-profit corporation.

## VENUE

4. Venue is proper in Jefferson County, Alabama as Plaintiff is a resident of Jefferson County, Alabama and events, acts, injuries, omissions and incidents giving rise to this action occurred there.

## STATEMENT OF FACTS

5. Plaintiff is a licensed cardiac surgeon who, up until the time of the incidents at issue in this lawsuit, practiced medicine in the State of Alabama.

6. Defendant CTSA is a Virginia corporation engaged in the practice of medicine that specializes in cardiac surgery.

7. Defendant RMH is a hospital located in Harrisonburg, Virginia.

8. In the fall of 2006, CTSA and RMH agreed to enter into an arrangement whereby CTSA would work with RMH to establish a cardiac department, which would include a Department of Cardiac Surgery. Pursuant to the agreement between CTSA and RMH, CTSA would employ a cardiac surgeon who would be assigned to provide cardiac surgical services at RMH.

9. Throughout early 2007, Plaintiff and CTSA were involved in discussions concerning CTSA's desire to employ Plaintiff as the cardiac surgeon to practice cardiac surgery for CTSA at RMH. Plaintiff would also serve as Medical Director of the Department of Cardiac Surgery at RMH.

10. CTSA's discussions and representations to Plaintiff led to CTSA offering the position of cardiac surgeon to Plaintiff. After making an employment offer to Plaintiff, CTSA sent Plaintiff an Employment Agreement.

11. During a phone call with Plaintiff and his counsel on or about March 28, 2007, the President of CTSA told Plaintiff and his counsel that the deal had to be done on that day and that Plaintiff's execution of the employment agreement was the last piece of the puzzle. It was only hours later that Plaintiff received and executed the Employment Agreement and returned it via overnight delivery to CTSA. Plaintiff also sent an email to counsel for CTSA at 8:06 p.m. on March 28, 2007 notifying said counsel of Plaintiff's execution of the agreement per her instructions reflecting Plaintiff's acceptance of the Employment Agreement.

12. At all times prior to Plaintiff executing the employment agreement on March 28, 2007, Plaintiff was led to believe by the actions and representations of both CTSA and RMH that a service agreement between RMH and CTSA was in place. It was not until counsel for Plaintiff received a letter from counsel for

CTSA on April 11, 2007 that Plaintiff was made aware that RMH and CTSA allegedly never had a service agreement in place.

13.     CTSA received the executed Employment Agreement at approximately 9:32 a.m. on Thursday, March 29, 2007 and thereafter, Plaintiff resigned his privileges at Trinity Medical Center.

14.     On the morning of Thursday, March 29, 2007 Plaintiff received a call from RMH congratulating Plaintiff on his new employment with CTSA and indicating that RMH looked forward to working with Plaintiff in his capacity with RMH as a cardiac surgeon and Medical Director of the Department of Cardiac Surgery at RMH.

15.     Plaintiff also received a letter from RMH dated March 28, 2007 congratulating Plaintiff on his acceptance of employment with CTSA "to serve as the primary physician and Medical Director of the cardiac surgery program at Rockingham Memorial Hospital pursuant to your employment agreement with [CTSA] and the services agreement between RMH and [CTSA]." Pursuant to an agreement with RMH, RMH asked Plaintiff to forward his premium notice for tail insurance coverage to RMH (as had been agreed upon) so that RMH could pay it; RMH also agreed to pay Plaintiff's moving expenses to Virginia (as had been agreed upon) and asked Plaintiff to contact certain approved moving companies to begin the process of relocating.

16.     In reliance on the specific representations made to Plaintiff by CTSA and RMH concerning CTSA's employment of Plaintiff as a cardiac surgeon and Medical Director of the Department of Cardiac Surgery at RMH and in reliance on the offer of employment made to Plaintiff by CTSA (including sending Plaintiff the Employment Agreement for Plaintiff's execution), Plaintiff resigned his hospital privileges with Trinity Medical Center in Birmingham, Alabama and took steps to close his medical practice in Birmingham, Alabama.

17.     On Friday morning, March 30, 2007 Plaintiff received a phone call from CTSA indicating that CTSA's offer of employment to Plaintiff was being rescinded, despite Plaintiff and CTSA already having reached an agreement and despite Plaintiff having already relied on CTSA's representations and having already accepted employment.

18.     On April 2, 2007 Plaintiff received a letter from CTSA and RMH dated March 30, 2007 attempting to "formally confirm the termination of the negotiation of an employment agreement between [Plaintiff] and [CTSA]."

19.     At all material times, Defendant RMH was acting as an agent of Defendant CTSA.  RMH's acts and conduct, including congratulating Plaintiff on his new position both in writing and verbally, reflect that CTSA and RMH were in accord that an agreement with Plaintiff had been reached as reflected in the Employment Agreement.  In fact, between the time Plaintiff executed the

Employment Agreement on March 28, 2007 and the time he received the congratulatory phone call and letter from RMH, Plaintiff had not spoken with anyone at RMH concerning his acceptance of employment with CTSA. Thus, RMH's knowledge of Plaintiff's acceptance of employment with CTSA could only have come from CTSA.

## COUNT ONE - BREACH OF CONTRACT

20. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

21. Defendants CTSA and RMH breached the terms of the employment agreement and other agreements with Plaintiff.

**Wherefore**, premises considered, Plaintiff demands judgment against defendants CTSA and RMH for compensatory damages, plus interest and costs and attorneys' fees.

## COUNT TWO - FRAUD, MISREPRESENTATION AND DECEIT

22. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

23. CTSA and RMH owed a duty to Plaintiff to be honest and truthful in all discussions and representations.

24. CTSA, RMH, and their agents had a duty not to mislead or lie to Plaintiff in an effort to induce him to accept employment with CTSA and RMH.

25. Plaintiff reasonably relied upon the representations made by the Defendants in agreeing to accept employment with CTSA and in resigning his medical staff membership with Trinity Medical Center and taking steps to close his medical practice in Birmingham.

26. As a proximate cause of these misrepresentations and Plaintiff's reliance thereon, Plaintiff has suffered substantial damages.

27. These defendants' misconduct was intentional, knowing, wanton and/or negligent and justifies the imposition of punitive damages.

**Wherefore**, premises considered, Plaintiff demands judgment against defendants CTSA and RMH for compensatory and punitive damages, plus interest and costs and attorneys' fees.

## COUNT THREE - FRAUDULENT SUPPRESSION

28. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

29. Defendants CTSA and RMH have suppressed materials facts from Plaintiff. These facts include, <u>inter alia</u>, (a) that CTSA and RMH never intended to employ Plaintiff and that CTSA and RMH did not intend to live up to their agreed-upon bargains set forth in the Employment Agreement and other agreements; (b) that Defendants did not have a service agreement in place at the time the Employment Agreement was sent to Plaintiff for execution; and (c) that a decision

had apparently been made not to hire Plaintiff's physician's assistant in Birmingham in order to induce Plaintiff into accepting employment with CTSA and RMH. CTSA and RMH also suppressed the fact that they did not intend to honor the agreements made with Plaintiff.

30. These defendants had a duty to disclose the aforementioned facts.

31. Plaintiff has suffered injury and damages as a proximate cause of the fraudulent suppressions of the defendants.

32. Defendants acted intentionally, knowingly and/or wantonly, and their suppression justifies the imposition of punitive damages.

**Wherefore**, premises considered, Plaintiff demands judgment against defendants CTSA and RMH for compensatory and punitive damages, plus interest and costs and attorneys' fees.

## COUNT FOUR - FRAUDULENT INDUCEMENT TO ENTER A CONTRACT

33. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

34. Defendants CTSA and RMH fraudulently induced Plaintiff to execute an employment agreement with them, and these defendants misrepresented their intention to perform the employment agreements with Plaintiff.

35. Defendants acted intentionally, knowingly and/or wantonly, and their actions justify the imposition of punitive damages.

**Wherefore**, premises considered, Plaintiff demands judgment against defendants CTSA and RMH for compensatory and punitive damages, plus interest and costs and attorneys' fees.

## COUNT FIVE - CONSPIRACY

36. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

37. Defendants CTSA and RMH conspired and combined with each other and other unnamed third parties to do the acts complained of herein. As a result, Plaintiff has been damaged.

**Wherefore**, premises considered, Plaintiff demands judgment against defendants CTSA and RMH for compensatory and punitive damages, plus interest and costs and attorneys' fees.

*/s Jon H. Patterson*
Victor L. Hayslip (HAY019)
Jon H. Patterson (PAT066)

Attorneys for Plaintiff Richard Gitter

**OF COUNSEL:**
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following

Stewart M. Cox, Esq.
Katherine Suttle Weinert, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

Charles M. Allen, Esq.
Anne M. Glenn, Esq.
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA 23060

*/s Jon H. Patterson*
OF COUNSEL